# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# ST. JOSEPH DIVISION

| | | |
|---|---|---|
| PHILLIPS 66 COMPANY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 13-06109-CV-SJ-BP |
| | ) | |
| GARFIELD-66, LLC, | ) | |
| | ) | |
| Defendant. | ) | |

## **ORDER**

This matter comes before the Court on Plaintiff Phillips 66 Company's Supplemental Motion for Default Judgment. (Doc. 20).

Plaintiff filed its Complaint, (Doc. 1), on September 25, 2013. In it, Plaintiff alleged violations of federal and Missouri law for trademark infringement, unfair competition, and trademark dilution beginning in or around October 2012. Plaintiff served Defendant Garfield-66, LLC with the Complaint on October 2, 2013. (Doc. 7.) Prior to this lawsuit, Plaintiff attempted to resolve the issue out-of-court with multiple letters to Defendant. Defendant did not answer or otherwise respond to those letters or to Plaintiff's Complaint within the time afforded by Federal Rule of Civil Procedure 12(a)(1)(A). Plaintiff then moved for default judgment seeking a preliminary injunction as well as attorneys' fees and costs. The Court issued an Order to Show Cause, directing Defendant to show why Plaintiff's Motion should not be granted. (Order, Doc. 16.) Defendant did not respond to this Order, and the time for doing so passed.

Then, prior to a Court hearing regarding default judgment, Plaintiff discovered Defendant had voluntarily removed the infringing material. Thus, Plaintiff submitted the instant

Supplemental Motion for Default Judgment, seeking only attorneys' fees and costs. (Doc. 20.) Specifically, Plaintiff requests $46,896.00 in attorneys' fees and $1,669.97 in costs.

Under the Lanham Act, a court may award reasonable attorneys' fees to a prevailing party in "exceptional cases." 15 U.S.C. § 1117(a). "Courts have defined the characteristics of exceptional cases with adjectives suggesting egregious conduct by a party." *Aromatique, Inc. v. Gold Seal*, 28 F.3d 863, 877 (8th Cir. 1994). Specifically, this award is available when "the infringement was malicious, fraudulent, willful, or deliberate." *Cmty. of Christ Copyright Corp. v. Devon Park Restoration Branch of Jesus Christ's Church*, 634 F.3d 1005, 1013 (8th Cir. 2011) (quotation omitted). A court need not find the existence of bad faith in order to deem the case "exceptional." *Id.* Additionally, the Lanham Act provides that a prevailing party in an infringement action can recover the cost of the action. *See* 15 U.S.C. § 1117(a); Fed. R. Civ. P. 54(d)(1).

Upon reviewing the record, the Court finds that this is an "exceptional case" warranting a reasonable award of attorneys' fees and costs. First, Defendant ignored Plaintiff's numerous attempts to resolve this matter amicably and without litigation. Second, Defendant also ignored all documents from the Court, including its Show Cause Order. Third, Defendant voluntarily removed the infringing marks on the eve of a Court hearing without notifying Plaintiff or the Court. From these facts, the Court concludes that Defendant's infringement was, at a minimum, willful and deliberate and, most certainly, egregious. Additionally, the Court finds the attorneys' fees to be reasonable.

Accordingly, Plaintiff's Supplemental Motion for Default Judgment, (Doc. 20), is **GRANTED**. Default judgment shall be **ENTERED** against Defendant Garfield-66, LLC. It is further **ORDERED** that Plaintiff shall recover attorneys' fees in the amount of $46,896.00 and

costs in the amount of $1,669.97 from Defendant.  All other pending motions are **DENIED as moot**.

The Clerk's Office shall mail a copy of this Order, by regular and certified mail, to Defendant at the following address:

    Garfield-66, LLC
    Attn: John Harvey
    601 N. Noyes
    St. Joseph, MO 64506

**IT IS SO ORDERED.**

                                        /s/ Beth Phillips
                                        BETH PHILLIPS, JUDGE
                                        UNITED STATES DISTRICT COURT

DATE:  January 9, 2014